## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JANE DOE,

      Plaintiff,

v.

MARCUS LANE,

VEVIA STURM,

JOHN OR JANE DOE #1,

and

JOHN OR JANE DOE #2

      Defendants.

Cause No. 2:26-CV-30

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff Jane Doe (hereinafter "Plaintiff"), by and through her attorneys, O'Brien Law Firm, P.C., and for her Complaint, states:

## PRELIMINARY STATEMENT

1. Plaintiff was harassed, abused and sexually assaulted by Corrections Officer Marcus Lane while she was confined at the Women's Eastern Reception, Diagnostic and Correctional Center, a women's prison in Missouri. Upon information and belief, Defendant Lane preyed upon numerous women at the prison. Other prison officials knew or should have known he was sexually assaulting Plaintiff and/or other inmates and did nothing to stop him. Plaintiff has suffered severe emotional trauma due to the actions of all Defendants.

1

2.     Plaintiff brings this action pursuant to 42 U.S.C §1983, seeking compensatory damages and punitive damages against all Defendants for violations of her constitutional rights while acting under color of state law, together with reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

## JURISDICTION AND VENUE

3.     Jurisdiction of the Court is properly invoked pursuant to federal question jurisdiction under 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforementioned statutory provisions.

4.     Plaintiff's claim for attorney's fees and costs is authorized by 42 U.S.C. § 1988.

5.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2). All actions alleged herein occurred in Vandalia, Missouri, which is located in the Eastern District of Missouri.

## PARTIES

6.     Plaintiff was at all relevant times an inmate of the Women's Eastern Reception, Diagnostic and Correctional Center, a facility of the State of Missouri Department of Corrections.

7.     Defendant Marcus Lane (hereinafter "Lane" or "Defendant Lane") was at all relevant times a Corrections Officer at the Women's Eastern Reception, Diagnostic and Correctional Center (hereinafter "WERDCC"). Upon information and belief, Defendant Lane is no longer employed at the prison. Defendant Lane is sued in his individual capacity.

2

8.      Defendant Vevia Sturm (hereinafter "Sturm" or "Defendant Sturm") is the Prison Rape Elimination Act supervisor for the Missouri Department of Corrections.  She is sued in her individual capacity.

9.      Defendant John or Jane Doe #1 is the individual responsible for implementation of the Prison Rape Elimination Act at the WERDCC. He or she is sued in his or her individual capacity.

10.     Defendant John or Jane Doe #2 is the Supervisor of Marcus Lane. He or she is sued in his or her individual capacity.

## **FACTS**

11.     On or around June 23, 2024, Defendant Lane ordered Plaintiff to go into her cell.

12.     Defendant Lane, violating the WERDCC's policy against male guards entering female prisoners' cells alone, immediately followed Plaintiff into the cell.

13.     Once Defendant Lane was inside Plaintiff's cell, he grabbed Plaintiff to kiss her.

14.     When Plaintiff pulled away from Defendant Lane, he grabbed her crotch and pulled her toward him.

15.     Defendant Lane then attempted to put his hand down Plaintiff's pants to touch her vagina.

16.     Fortunately, Plaintiff was able to push Defendant Lane's hand away and escape from his grasp.

17.     Immediately following this, Defendant Lane threw cigarettes onto

3

Plaintiff's bed.

18.     Both Defendant Lane and Plaintiff knew and understood that Plaintiff would be punished if she was found to be in possession of contraband cigarettes.

19.     Defendant Lane's action in throwing the cigarettes onto Plaintiff's bed was either: a) a way of threatening her with punishment by the facility if she reported this incident; or b) an offering of contraband cigarettes to keep Plaintiff quiet about what had happened.

20.     Following this incident, Defendant Lane added himself as a "friend" of Plaintiff on the Securus email system at the Women's Eastern Reception, Diagnostic and Correctional Center.

21.     Defendant Lane sent Plaintiff messages providing his phone number and asking her to call him.

22.     Defendant Lane also sent Plaintiff an email calling himself "Mr. 10-Inch," and "the only BBC[1] you will need."

23.     Further, Defendant Lane advised another inmate that he had subscribed to Plaintiff's "Only Fans" account (a subscription-based social media platform where creators share content with paying fans).

24.     Defendant Lane's attacks have caused Plaintiff to experience extreme stress, fear, anxiety, mental anguish and emotional suffering.

25.     All of the actions of Defendant Lane were without the consent of Plaintiff,

---

[1] This is an acronym referring to Defendant Lane's ethnicity and personal endowment.  Plaintiff will elucidate further if needed by the Court or any of the Defendants.

were unwanted and unwelcome, and caused her serious emotional harm.

26.     Plaintiff did not report these attacks to any prison officials until March 2025, by which point Defendant Lane, to Plaintiff's belief, no longer worked at the WERDCC.

27.     Prior to Defendant Lane's departure, Plaintiff had feared that if she reported the attacks, she would lose privileges she had earned within the prison and might receive punishments as well.

28.     All of Defendant's Lane's actions were performed under color of state law.

29.     Upon information and belief, Defendants Vevia Sturm, John Doe #1, and John Doe #2 knew or should have known that Defendant Lane was sexually assaulting Plaintiff and/or other inmates.  It was their duty to discover and prevent sexual assaults of offenders at all Missouri penal institutions.  All of their actions were performed under color of state law.

## SECTION 1983 CLAIMS

### COUNT I - DEFENDANT LANE'S SEXUAL MISCONDUCT VIOLATED THE 8TH AMENDMENT
### (AGAINST DEFENDANT LANE)

30.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 29 above as fully set forth herein.

31.     Defendant Lane, at all relevant times, acted under color of state law.

32.     The acts and conduct of Defendant Lane were calculated to and did deprive Plaintiff of her clearly established right to be free from cruel and unusual punishment in the form

5

of violent bodily intrusion.

33.     As a direct and proximate result of the acts and conduct of Defendant Lane, Plaintiff suffered serious bodily pain, injury, and emotional distress.

34.     The acts and conduct of Defendant Lane were committed unlawfully, intentionally, and with malice or reckless disregard for the rights of Plaintiff.

**COUNT II - THE FACILITATION BY DOES #1 AND #2 OF DEFENDANT LANE'S SEXUAL MISCONDUCT VIOLATED THE 8TH AMENDMENT (AGAINST STURM, JOHN OR JANE DOE #1 AND JOHN OR JANE DOE #2)**

35.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 34 above as fully set forth herein.

36.     At all relevant times, Sturm and Does #1 and #2 were acting under color of state law.

37.     At all relevant times, Sturm and Does #1 and #2 were performing governmental functions.

38.     Defendants Sturm and Does #1 and #2 were responsible for the prevention of sexual violence against offenders in Missouri's correctional facilities, and through their acts and omissions, facilitated the sexual abuse of Plaintiff.

39.     By their policies, practices, acts and omissions, Defendants Sturm and Does #1 and #2 caused Plaintiff to be subjected to sexual assaults in violation of her rights under the Eighth Amendment.

40.     Upon information and belief, Defendants Sturm and Does #1 and #2 were specifically aware of widespread allegations of sexual misconduct at Missouri penal

6

institutions.

41.    Upon information and belief, Defendants Sturm and Does #1 and #2 were specifically aware of allegations of sexual misconduct by Defendant Lane prior to and during his abuse of Plaintiff.

42.    Defendants Sturm and Does #1 and #2 failed to employ obvious measures to reduce the risk of rape and sexual abuse of incarcerated inmates by corrections officers.

43.    The pattern of sexual abuse by prison staff and the failure or refusal  of Defendants Sturm and Does #1 and #2 to operate, supervise, maintain and control its operations properly and to act to curb the misconduct, demonstrates a policy of deliberate indifference which tacitly authorized the abuse of Plaintiff.

44.    The customs, policies, usages, practices, and procedures of Sturm and Does #1 and #2 constituted deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff and were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

45.    The customs, policies, usages, practices, and procedures of Sturm and Does #1 and #2 were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

46.    Sturm and Does #1 and #2 failed to protect Plaintiff from known and dangerous harm.

47.    Sturm and Does #1 and #2 knew of or consciously disregarded the obvious risk of the constitutional harms perpetrated against Plaintiff and failed to intervene,

7

mitigate, or stop the events.

48.     Due to Sturm and Does #1 and #2's practices and policies, the Plaintiff suffered and continues to suffer psychological and emotional injuries, pain, and suffering.

49.     Plaintiff hereby demands a trial by jury of all issues in this matter.

WHEREFORE, Plaintiff prays for a Judgment against Defendants, jointly and severally, for medical costs to be incurred, other compensatory damages in an amount to be determined at trial, punitive damages against all defendants in an amount to be determined at trial, attorney's fees, costs and disbursements pursuant to law, and such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**O'BRIEN LAW FIRM, PC**

BY: /S/ *Grant C. Boyd*
Grant C. Boyd #67362
Luke A. Baumstark #56344
135 W. Adams Ave, Suite 200
St. Louis, MO 63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com
lbaumstark@obrienlawfirm.com
***Attorneys for Plaintiff***