**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-CV-30-JSD |
| | ) | |
| MARCUS LANE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER REQUIRING JOINT PROPOSED SCHEDULING PLAN AND SCHEDULING**
**RULE 16 CONFERENCE**

**IT IS HEREBY ORDERED** that all counsel in this matter shall be familiar with the Court's Local Rules and shall read the Administrative Procedures for Case Management/Electronic Case Filing (CM/ECF) and the undersigned's Requirements and Federal Practice Tips at www.moed.uscourts.gov.

**IT IS FURTHER ORDERED** that:

1. **Scheduling Conference**:  Upon review of the joint proposed scheduling plan described in paragraph 3 below, the Court will hold an attorneys-only scheduling conference on **August 25, 2026, at 10:00 a.m.** in the chambers of the undersigned.

2.  **Meeting of Counsel:** Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, counsel for the parties shall confer to discuss the following:

(a) the nature and basis of the parties' claims and defenses;

(b) the possibilities for a prompt settlement or resolution of the case;

(c) the formulation of a discovery plan;

(d) any issues relating to preserving discoverable information;

(e) any issues relating to disclosure or discovery of electronically stored information,

including–

    (i)      the form or forms in which it should be produced;

    (ii)      the topics for such discovery and the time period for which such discovery will be sought;

    (iii)      the various sources of such information within a party's control that should be searched for electronically stored information;

    (iv)      whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information;

    (v)      the parties must ensure that their clients preserve electronic discovery materials prior to the Rule 16 Conference; and

    (vi)      counsel shall address at the Rule 16 Conference (if applicable) potential electronic discovery and whether a specific agreement or order must be entered on that issue.

(f) any issues relating to claims of privilege or of protection as trial-preparation material,

including – if the parties agree on a procedure to assert such claims after production

– whether to ask the Court to include their agreement in an order; and

(g) other topics listed below or in Fed. R. Civ. P. 16 and 26(f).

If counsel appears before the undersigned for a scheduling conference, they will be asked to report orally on the above matters and specifically may be asked to report on the potential for settlement; whether settlement demands or offers have been exchanged, without revealing the content of any such offers or demands; and suitability of the case for Alternative Dispute Resolution. The meeting of counsel is expected to result in the parties reaching agreement on the form and content of a joint proposed scheduling plan as described in paragraph 3 below.

Only <u>one</u> joint proposed scheduling plan may be submitted in any case, and it must be signed by counsel for <u>all</u> parties. It will be the **responsibility of counsel for the Plaintiff** to submit

the joint proposed scheduling plan to the Court. If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute at or shortly after the scheduling conference.

3. **Joint Proposed Scheduling Plan:**  No later than **August 18, 2026**, counsel shall file with the Clerk of the Court a joint proposed scheduling plan. **All dates required to be set forth in the plan shall be within the ranges set forth below for the applicable track:**

| Track 1: Expedited | Track 2: Standard | Track 3: Complex |
|---|---|---|
| *Disposition w/i 12 mos of filing | *Disposition w/i 18 mos of filing | *Disposition w/i 24 mos of filing |
| *120 days for discovery | *180-240 days from R16 Conf. for discovery/dispositive motions | *240-360 days from R16 Conf for discovery/dispositive motions |

**The parties' joint proposed scheduling plan shall include:**

(a) whether the Track Assignment is appropriate; **NOTE: This case has been assigned to Track 2 (Standard).**

(b) dates for joinder of additional parties or amendment of pleadings;

(c) a discovery plan including:

(i) any agreed-upon provisions for disclosure or discovery of electronically stored information;

(ii) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;

(iii) a date or dates by which the parties will disclose information and exchange documents pursuant to Fed. R. Civ. P. 26(a)(1);

(iv) whether discovery should be conducted in phases or limited to certain issues;

(v) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case;

(vi) whether the presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set

forth in Fed. R. Civ. P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules;

(vii) whether any physical or mental examinations of parties will be requested pursuant to Fed. R. Civ. P. 35, and if so, by what date that request will be made and the date the examination will be completed;

(viii) a date by which all discovery will be completed (see applicable track range, Section 3 above); and

(ix) any other matters pertinent to the completion of discovery in this case;

(d) the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

(e) dates for the filing of any dispositive motions (see applicable track range, Section 3 above);

(f) the earliest date by which this case should reasonably be expected to be ready for trial (see applicable track range, Section 3 above);

(g) an estimate of the length of time expected to try the case to verdict; and

(h) any other matters counsel deem appropriate for inclusion in the joint proposed scheduling plan.

4. **Disclosure Statement**: All non-governmental corporate parties are reminded to comply with Local Rule 2.09 requiring Disclosure Statements.

Dated this 17th day of June, 2026.

JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

- 4 -